UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FERDINAND RICHARD BALCAR, JR.,<br><br>　　　　　　　Defendant. | Case No. 2:96-CR-00046-PMP-PAL<br><br>**ORDER** |

Presently before the Court is Defendant's Rule 60(b)(6) Motion to Vacate and Remand for a New Trial (#214) and Section 2253 Motion for Certificate of Appealability (#213, 221).[1]

I. Background

In 1997, Defendant was sentenced to life in prison on four counts of armed bank robbery. Defendant's conviction was affirmed in a memorandum decision filed April 9, 1998. United States v. Balcar, 1998 U.S. App. LEXIS 7204 (9th Cir.). He later moved to file a successive section 2255 petition and for a certificate of appealability ("COA") arguing that his conviction should be vacated for violating the Tenth Amendment alleging that the Government failed to prove at trial that the banks were federally insured (#173-74).[2] Both motions were denied

---

[1] The Court was in the process of drafting an order to address Defendant's Section 2253 Motion for Certificate of Appealability (#213) when a duplicate motion was referred to this court by the Ninth Circuit Court of Appeals (#221). The second document contained verbatim the same statement of the case and only differed in that the Defendant packed the filing with documents available on the docket (#202, 211-12, and a partial listing of the docket itself).

[2] Defendant has filed a number of unsuccessful section 2255 motions almost continuously since the loss of his initial appeal (#200, p. 2-4). This includes a Rule 60(b) motion that should have been filed as a section 2255 motion (#102).

(#175).[3] The Court then granted Defendant's Motion to Adjust the Restitution of Payment Schedule only to have the defendant appeal that order based on the same Tenth Amendment claim (#179). After the order was affirmed (#184), the Court denied yet another section 2255 petition in which Defendant simply reiterated his earlier argument (#197-98, 202).[4]

II. Analysis

    A. Rule 60(b)

A Rule 60(b) motion must be treated as a section 2255 motion when a defendant seeks to bring a new claim for relief. United States v. Buenrostro, 638 F.3d 720, 722-23 (9th Cir. 2011). A new ground for relief which claims "that the sentence was imposed in violation of the Constitution" constitutes such a claim. Id. at 722. Here, Defendant claims that he was denied his Fifth Amendment protection against self-incrimination when the Government presented the jury with Defendant's vacated plea agreement. Defendant's Fifth Amendment claim mandates that his Rule 60(b) motion be treated as a section 2255 motion.

    B. 28 U.S.C. § 2255

A prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, an appellant must first obtain authorization from the Court of Appeals before filing a second or successive section 2255 motion. See 28 U.S.C. § 2255(h); USCS Sec 2255 Proc R 9 (which specifies that "the moving party must obtain an order from *the appropriate court of appeals*") (emphasis added). Additionally, section 2255 imposes a one-year statute of limitations on a

---

[3] The Court of Appeals later denied a COA on the same issue (#176).

[4] Defendant's successive section 2255 petition was denied for failure to obtain authorization to file from the United States Court of Appeals (#202). In his appeal Defendant argued that his section 2255 petition was a new petition to the "new amended judgment" of the adjusted restitution payment schedule and not successive (#204, 206). On remand the Court granted a COA "as to the sole issue" of whether Defendant had been granted a COA from the Court of Appeals (#204). The Court of Appeals subsequently granted the government's Motion for Summary Affirmance finding that "the questions raised in this appeal are so insubstantial as not to require further argument" (#212).

section 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Generally, a judgment becomes final when the time for seeking certiorari review has expired, ninety days after the court of appeals enters judgment. Clay v. United States, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079 (2003). On an amended judgment where portions of the original judgment have been vacated on appeal the time bar begins to run when the time to appeal has passed. See United States v. Colvin, 204 F.3d 1221 (9th Cir. 2000) (limiting its holding to cases where an amended conviction or sentence has been "expressly remand[ed] to the district court"); United States v. LaFromboise, 427 F.3d 680 (9th Cir. 2005) (concluding that judgment was not final until the district court entered an amended judgment reflecting dismissed firearms convictions).

Defendant has not received a COA from the Court of Appeals for a successive section 2255 motion for his Fifth Amendment claim. Moreover, Defendant's section 2255 motion is further barred from consideration by statute of limitations. Since Defendant's amended restitution schedule is merely a ministerial amendment of the judgment not expressly remanded to the District Court, Defendant was required to file his successive section 2255 motion on his Fifth Amendment complaint no later than July 8, 1998. Therefore, the Court denies Defendant's motion. The Court also denies Defendant a Certificate of Appealability as to the present order.

C. 28 U.S.C. § 2253

In order to proceed with an appeal of the final order from a section 2255 proceeding, Defendant must receive a COA from the district court. 28 U.S.C § 2243(c)(1); USCS Sec 2255 Proc R 11. The district court may not issue a COA on a denied section 2255 petition unless the petitioner shows "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, **and** [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484-85 (emphasis added); See Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001). Jurisprudence requires that the district court first determine whether its procedural ruling

was debatable. Id. at 485 (citing Ashwander v. TVA, 297 U.S. 288, 347 (1936)). The record is clear that Defendant did not receive a COA from the Court of Appeals to file the successive section 2255 petition from which he seeks appeal. The Court was procedurally barred, as here, from hearing his claim. Therefore, the Court denies Defendant a COA as to the present order.

### D. Vexatious Litigation

Under 28 U.S.C. § 1651(a), the Court may file restrictive pre-filing orders against litigants "with abusive and lengthy histories of litigation." Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999). In the instant case Defendant has flooded the docket with a number of successive section 2255 motions without first obtaining a COA from the Court of Appeals. If he files one more section 2255 motion or any motion to reconsider without a COA from the Ninth Circuit Court of Appeals, Defendant will be barred from filing any further action or papers in the court without first obtaining leave from this court or the Ninth Circuit Court of Appeals.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion Rule 60(b)(6) to Vacate and Remand for a New Trial (#214) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motions for Certificate of Appealability (#213/221) are **DENIED** as frivolous.

**IT IS FURTHER ORDERED** that Defendant is **DENIED** a Certificate of Appealability as to this order.

DATED this 20th day of July 2015.

Kent J. Dawson
United States District Judge